UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-22872-CIV-HOEVELER

DAMARIS HERZOG, ORLANDO DeARMAS, JR.,
ROSEMARY DIAZ, MARIA FUNEZ, and
LAZARO HERNANDEZ, on their own behalf
and others similarly situated,

      Plaintiffs,

v.

NCL (BAHAMAS, LTD., d/b/a NORWEGIAN
CRUISE LINE, a foreign corporation; DANIEL
FARKAS, Senior Vice President and General
Counsel; GEORGE CHESNEY, Senior Vice
President, Human Resources; MARY O'MALLEY,
Director, Compensation and Benefits,

      Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTIONS
## FOR A MORE DEFINITE STATEMENT

THIS CAUSE comes before the Court on the Defendants' motions to dismiss or, in the alternative, for a more definite statement, and motions to strike damages. Plaintiffs responded in opposition, and Defendants filed briefs in reply.

## BACKGROUND

Plaintiffs are former employees of Defendant Norwegian Cruise Line ("NCL"). Plaintiffs have sued NCL and Daniel Farkas, George Chesney, and Mary O'Malley ("Individual Defendants") under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C §1001 *et seq.*, seeking

severance pay and other relief pursuant to a Severance Plan which Plaintiffs allege is a plan covered by ERISA. According to Plaintiffs' First Amended Complaint, all of NCL's employees - including the Plaintiffs - received medical treatment and other services from a chiropractor employed at Body and Soul Therapy ("Body & Soul"). Body & Soul submitted invoices directly to United HealthCare ("United") for services provided to NCL employees. United brought to the Defendants' attention some expensive bills pertaining to the Plaintiffs.[1] Plaintiffs subsequently were discharged from their employment as a result of the alleged misuse of insurance benefits.

Plaintiffs claim that the Defendants: (1) wrongfully denied the Plaintiffs severance payments under the Severance Plan (which they claim is a plan under ERISA); (2) failed to provide Plaintiffs with information they requested regarding the claims procedure and the identification of the plan administrator; and (3) that the Defendants breached their fiduciary duties by denying the claims for severance pay. Defendants claim that they are not

---

[1]For example, two long-serving employees, Plaintiffs Herzog and DeArmas, were discharged despite their objection as to the accuracy of Body & Soul's claim for services rendered on their behalf. Body & Soul charged for 48 visits by Plaintiff Herzog (an executive assistant to two vice presidents at NCL) from August 30, 2011, through April 4, 2012; despite Herzog's claim that she had received only eight total sessions and was in New York City on December 27, 2011, a date that Body & Soul charged for seven procedures in one visit. Body & Soul charged for 51 visits by Plaintiff Orlando DeArmas, Jr., between March 20, 2011, and April 5, 2012. When questioned by two of the Individual Defendants as to whether he received any kickbacks from Body & Soul for his insurance submissions, Plaintiff denied the allegation and also denied receiving multiple services on any day and maintained that he had only visited Body & Soul on thirteen occasions. Both Herzog and DeArmas were discharged from NCL on April 25, 2012.

bound by ERISA standards because the Severance Plan does not fulfill the requirements of an employee benefit plan. Defendants argue, in the alternative, that even if the Severance Plan falls within ERISA's coverage, this lawsuit must be dismissed because the Plaintiffs' complaint is unclear and the claims are not factually supported.

## ANALYSIS

The Court first must determine whether Plaintiffs have alleged a basis for exercise of this Court's jurisdiction, i.e., whether the Severance Plan is a plan of the type ERISA was intended to cover. If the Court finds a basis for federal jurisdiction, the Court then must determine whether the Plaintiffs' First Amended Complaint clearly states the ERISA provisions they seek to invoke against the Defendants and whether Plaintiffs have alleged adequate facts to support such claims.

ERISA provides employers with uniform standards to assure that any established employee benefit plan is administered in a fair and just manner. 29 U.S.C. § 1001. ERISA protects the employee from the lack of funding of an employee benefit plan and, also, protects the employer from inconsistent state and federal requirements concerning the establishment and maintenance of such plans. Employers are not required to establish pension plans; however, should a plan be offered, the employer is obligated to abide by the standards set forth in ERISA which require the employer to manage

3

and administer the plan and provide employees with any benefits guaranteed through the pension and/or welfare plan.

ERISA standards apply to a severance plan that "potentially places periodic demands on an employer's assets that create a need for financial coordination and control. In contrast, the requirement of a one-time, lump-sum payment triggered by a single event requires no administrative scheme whatsoever to meet the employer's obligation, and ERISA therefore does not apply." Bowles v. Quantum Chem. Co., 266 F.3d 622, 631 (7th Cir. 2001); see also Fort Halifax Packing Co., 482 U.S. 1, 11-12 (1987).

To make a determination as to whether a severance plan should be considered an employee benefit plan under ERISA, the Court must assess the facts and establish whether an ongoing administrative program to meet the employer's obligations exists. Id. at 11. An ongoing administrative scheme exists when employers make continuous "non-clerical" decisions. Bowles, 266 F.3d at 631. Courts may apply several factors when deciding whether a plan requires an "ongoing administrative program": (1) whether the payments are one-time lump sum payments or continuous payments; (2) whether the employer undertook any long-term obligation with respect to the payments; (3) whether the severance payments come due upon the occurrence of a single, unique event or whenever the employer terminates employees; and (4) whether the severance arrangement under review requires the employer to engage in a case-by-case review of employees. Mazer v. Safeway, Inc., 398 F.

4

Supp. 2d 412 (D. Md. 2005); see also Emmenegger v. Bull Moose Tube Co., 197 F.3d 929, 935 (8th Cir. 1999).

In order to establish a basis for relief under ERISA, a complaint must include sufficient and detailed factual allegations regarding an established and/or maintained plan of the form covered by ERISA. Courts refer to the factors in section 1002(1) in order to determine whether a plan is considered an employee benefit plan. 29 U.S.C. § 1002(1). An absence of factual allegations supporting each of these elements results in a finding that the plan does not fall within ERISA's coverage and no federal jurisdiction will exist. Crespo v. Candela Laser Corp., 780 F. Supp. 866, 870 (D. Mass. 1992).

Plaintiffs allege that the Severance Plan is in fact an employee benefit plan, maintained and administered by NCL's Human Resources Department and, as such, they are entitled to the benefits described in the Severance Plan. However, the Court finds that their allegations are generally conclusory and lack supporting facts.

For example, in Count I, First Amended Complaint, ¶¶23-29, Plaintiffs allege that the Severance Plan "is an employee welfare benefit plan as defined under ERISA"; however, Plaintiffs fail to assert how this Severance Plan falls within a specific category of an ERISA plan. Plaintiffs fail to provide sufficient facts to support their allegations that NCL is the sponsor of the Severance Plan, administers its provisions, and makes determinations for any claim brought under the Severance Plan. (Plaintiffs cite section

5

1132(g)(1) but only to support a claim for damages and attorneys fees. 29 U.S.C. § 1132(g)(1).)

In Count II, Plaintiffs claim that the Defendants refused to supply documents requested in correspondence between Plaintiffs' counsel and Defendant Farkas on May 11, and May 22, 2012. (First Amended Complaint, ¶29). Plaintiffs also claim that Defendants are liable to each Plaintiff individually for $100.00 per day, since the date of the correspondence, for failure to provide such information; however, Plaintiffs have failed to specify which provisions of ERISA provide them with such rights. Similarly, in Count III, Plaintiffs allege that the Individual Defendants' conduct violated ERISA; again no specific statute is cited, nor are there sufficient facts alleged to support the allegations that the Defendants' conduct was arbitrary and capricious or a breach of an alleged fiduciary duty.[2] A plaintiff is required to provide sufficient facts to show the defendant behaved in an arbitrary and capricious manner in order to establish a claim under ERISA for breach of fiduciary duties. Molyneux, 616 F. Supp. 240 at 245.

In sum, the Court finds that the Plaintiffs' First Amended Complaint does not satisfy the elements needed to find that the Plan is one that falls within the provisions of ERISA, and also that - assuming that this is a plan subject to ERISA such that the Court has jurisdiction - the Plaintiffs have

---

[2]Plaintiffs simply claim that Defendants failed to discover and investigate the alleged fraudulent activities on behalf of Body & Soul in a timely manner.

6

failed to provide sufficient factual allegations to support their claims.  The Court will, however, permit Plaintiffs one additional opportunity to amend their complaint.  Based on the above, it is

ORDERED AND ADJUDGED that Defendants motions for more definite statement are GRANTED, and this complaint is DISMISSED without prejudice.  (Plaintiffs' request for leave to amend is GRANTED.) Plaintiffs shall have twenty (20) days in which to file an amended pleading. Plaintiffs are cautioned that in their subsequent pleading they must clearly describe whether the Severance Plan is one that falls within ERISA's coverage and, if so, which provisions of ERISA they seek to invoke against the Defendants; and must include adequate facts to support their allegations under each respective ERISA claim.

Further, Defendants' motions to dismiss and motions to strike damages claims are DENIED, as moot.

DONE AND ORDERED IN Chambers in Miami, Miami-Dade County, Florida, this 24 day of July, 2013.

WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT COURT JUDGE

copies furnished to:  counsel of record

7